UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LINDA ESPINOZA and JOHN ZENONE, )<br>    Plaintiffs, )<br>    )<br>v. )<br>    )<br>JOHN BUNCICH, individually and in his official )<br>capacity as Lake County Sheriff, and )<br>COUNTY OF LAKE, INDIANA, )<br>    Defendants. ) | CAUSE NO.: 2:11-CV-297-JVB-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Sever [DE 11], filed by Defendants John Buncich, individually and in his capacity as Lake County Sheriff, and Lake County, Indiana, on November 11, 2011. Plaintiffs Linda Espinoza and John Zenone filed a response on November 16, 2011, and Defendants filed a reply on November 21, 2011. Pursuant to Federal Rule of Civil Procedure 21, Defendants ask the Court to sever the claims of the two Plaintiffs so that each proceeding is an independent action to be tried separately.

**BACKGROUND**

On August 16, 2011, Plaintiffs filed their Complaint with this Court, alleging that they were employed by Lake County, Indiana, working for the Sheriff, until the end of December 2010, when they were discharged by Defendant John Buncich in violation of the first and fourteenth amendments to the United States Constitution. In the Complaint, Plaintiffs allege the following facts.

Plaintiff Linda Espinoza was hired to work in the Lake County Sheriff's Department in June 2007, when Roy Dominguez was Sheriff. Prior to her discharge, Ms. Espinoza worked as a clerk/secretary in various offices in the Sheriff's Department. While she worked in the Sheriff's Department, she was paid by the County and received benefits from the County.

Plaintiff John Zenone worked as a merit police officer in the Lake County Sheriff's Department for nearly 30 years prior to his retirement from the job in February 2005. After his

retirement, Mr. Zenone was hired by then-Sheriff Dominguez as director of work release, where he remained until July 2007 when Dominguez transferred him to an Assistant Warden position in the Lake County Jail. Mr. Zenone remained in that position until December 2008 when Dominguez moved him to a newly-created position as a jail compliance investigator to work with the Sheriff's attorney and the County attorney in addressing jail-related issues raised by the United States Department of Justice. While Mr. Zenone worked in the Sheriff's Department, he was paid by the County and received benefits from the County.

John Buncich was elected as the Sheriff of Lake County, Indiana, in November 2010, and took office on January 1, 2011. By separate letters dated December 29, 2010, Buncich, two days before becoming Sheriff, notified Ms. Espinoza and Mr. Zenone that each was discharged effective January 1, 2011. Both Ms. Espinoza and Mr. Zenone allege that Buncich fired them because they were hired by Dominguez and because they did not support Buncich during his political campaign prior to the Democratic primary in May 2010.

## ANALYSIS

Federal Rule of Civil Procedure 20 provides that plaintiffs may join in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing unnecessary multiple lawsuits." *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The Seventh Circuit has held that "a district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate.'" *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). "In other words, one claim must be capable of resolution despite the outcome of the other claim." *Id*. (same).

When evaluating whether a particular situation constitutes a single transaction or occurrence under the first prong of Rule 20, courts conduct a case-by-case analysis, considering the following factors:

> the time period during which the alleged acts occurred, whether the acts of discrimination are related, whether there were differing types of adverse employment actions, whether more than one type of discrimination is alleged, whether the same supervisors were involved, whether employees worked in the same department, whether employees were at different geographical locations, and whether a company-wide policy is alleged.

*Benitez v. Am. Standard Circuits, Inc.*, 678 F. Supp. 2d 745, 768-69 (N.D. Ill. 2010) (quoting *Berry v. Illinois Dep't of Human Servs.*, No. 00 C 5538, 2001 WL 111035, at *17 (N.D. Ill. Feb. 2, 2001)); *see also McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 694 (N.D. Ill. 2009) (same)).

"Courts have generally deemed 'all logically related events' to comprise a single transaction or occurrence under Fed. R. Civ. P. 20(a)." *Benitez*, 678 F. Supp. at 770 (citing *Bloomquist v. ZLB Behring, LLC*, No. 06 C 6738, 2007 WL 2903181, at *2 (N.D. Ill. Sept. 28, 2007)); *see also Dada v. Wayne Tp. Trustee's Office*, No. 1:07-CV-274, 2008 WL 2323485, at *2 (N.D. Ind. May 30, 2008) (same)). "If plaintiffs allege discriminatory incidents that arise out of different employment

decisions made by different people at different times, then those incidents do not arise out of the same transaction or occurrence." *Nelson v. Chertoff*, No. 07 C 2991, 2008 WL 4211577, at *5 (N.D. Ill. Sept. 10, 2008) (citing *Bailey*, 196 F.R.D. at 516; *Maclin v. N. Telecom, Inc.*, 1996 WL 495558, at *7 (N.D. Ill. Aug. 28, 1996)). "However, if plaintiffs allege a companywide policy of discrimination, then their claims do arise out of the same series of transactions or occurrences." *Id.* (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333-34).

In this case, Plaintiffs' claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" under the first prong of Rule 20 when considering the factors set forth above. First, Plaintiffs were fired on the same day. Each Plaintiff was informed of the adverse employment action by a letter from Buncich dated December 29, 2010. The discharge was effective January 1, 2011, for each. The alleged acts of discrimination are related in that the discharge letters both plaintiffs received invoked the "policymaking" exception set forth in *Elrod v. Burns*, 427 U.S. 347 (1976), and *Branti v. Finkel*, 445 U.S. 507 (1980), as the justification for discharge. Moreover, both Plaintiffs allege that they were fired as part of a broader scheme to get rid of non-merit employees who were connected to the prior sheriff. Next, the adverse employment action (discharge) taken against each Plaintiff is identical. In addition, only one type of adverse employment action is alleged–politically motivated discharge.

Although Defendants represent in their reply brief that Ms. Espinoza's supervisor was the Chief of Police and Mr. Zenone's supervisor was either former Sheriff Dominguez or the Warden, the difference in supervisor is less important in this case given that both Plaintiffs were employed by Lake County and were discharged by Defendant John Buncich. There are no allegations before the Court that either of the Plaintiffs' supervisors were involved with Defendant Buncich's decision to discharge Plaintiffs from their employment. Similarly, the Court finds that the differences in the Plaintiffs' employment noted by Defendants–that Ms. Espinoza held a confidential secretary

4

position as Executive Assistant to the Chief of Police until late in her tenure and that Mr. Zenone held a policy-making position as jail administrator–are less important than the similarities–both Plaintiffs worked in the Sheriff's Department at the same geographical location and were discharged by John Buncich. Although Plaintiffs are not alleging a company-wide policy, they do allege that Buncich fired several other employees who were associated with the prior sheriff. Unlike in *McDowell*, in which a company-wide policy was alleged but the first prong of Rule 20 was found not to be satisfied because the conduct was rooted in individual decisions, made by different supervisors, at different times, and in four different offices, the related conduct in this case was by one person–John Buncich, at one time, in one geographic location. *See McDowell*, 645 F. Supp. 2d at 695; *see also Dada*, 2008 WL 2323485, at *3-5 (finding the requirements of Rule 20 satisfied in a politically motivated discharge case).

As for the second prong of Rule 20(a)(1), questions of law and fact common to the Plaintiffs will arise in this action. As noted above, both Plaintiffs allege that their discharges were politically motivated, and the legal claims are the same. Likewise, the legal defenses will be similar. Common questions of fact regarding the timing and motivation of the discharges will arise. Although they suggest that the claim of each Plaintiff will require the application of different laws, Defendants do not identify any differences.

Defendants also contend that the claim of each Plaintiff presents unique facts because the reason for each termination is different, arguing that Ms. Espinoza was terminated legally because, among other reasons, she held a confidential secretary position until late in her tenure and that Mr. Zenone was terminated legally because he held a policy-making position. However, the unique issues regarding each Plaintiffs' termination and claims for damages do not pose a significant danger of jury confusion or problems with dispositive motions. Plaintiffs' claims are based on the similar allegation that Defendant John Buncich fired them for not supporting him in the primary election,

5

and therefore "[t]he claims here are not so diverse and multiple . . . that a reasonable jury cannot segregate the evidence and decide the separate claims." *Dada*, 2008 WL 2323485, at *5 (quoting *Elliott v. USF Holland, Inc.*, No. NA 01-159-C-H/H, 2002 WL 826405, at *2 (S.D. Ind. Mar. 21, 2002); *Rochlin v. Cincinnati Ins. Co.*, No. IP00-1898-CH/K, 2003 WL 21852341, at *14 (S.D. Ind. July 8, 2003) ("The risk of confusion and possible prejudice to defendant can be minimized with careful jury instructions. Federal courts regularly call upon juries in criminal trials to make careful and separate decisions about joined criminal charges in multi-defendant cases that present challenges far greater than any that might be presented here.")).

Finally, Defendants assert that they will be prejudiced by being forced to defend unrelated claims in the same lawsuit and that judicial economy is served because they are seeking severance early in the litigation. Defendants offer no analysis of either argument. The Court finds that the judicial economy of maintaining joinder of the Plaintiffs' related claims outweighs any potential prejudice to the Defendants based on any factual differences.

**CONCLUSION**

Based on the foregoing, the Court hereby **DENIES** the Motion to Sever [DE 11].

SO ORDERED this 29th day of November, 2011.

       s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record