UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LINDA ESPINOZA and JOHN ZENONE,   )<br>        Plaintiffs,                                              )<br>                                                                        )<br>        v.                                                              )        CAUSE NO.: 2:11-CV-297-JVB-PRC<br>                                                                        )<br>JOHN BUNCICH, individually and in his official  )<br>capacity as Lake County Sheriff, and              )<br>COUNTY OF LAKE, INDIANA,                    )<br>        Defendants.                                          ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel [DE 17], filed on August 15, 2012. Defendant John Buncich filed a response on August 28, 2012, and Plaintiffs filed a reply on September 4, 2012. On September 7, 2012, the Court issued an Opinion and Order granting in part, denying in part, and taking under advisement in part the Motion to Compel and ordering Defendant Buncich to submit to the Court for <u>in camera</u> inspection the nine documents identified in the privilege log in response to Requests for Production Nos. 1 and 2 on or before September 14, 2012 along with a sur-reply brief, filed on the record, addressing the specific arguments raised in Plaintiffs' opening brief and reply brief regarding the claims of privilege for the nine documents at issue in Plaintiff's Request for Production of Documents Nos. 1-2. Buncich filed the documents under seal and a sur-reply brief on September 14, 2012.

Requests for Production Nos. 1 and 2 seek the personnel file of each Plaintiff. Counsel for Buncich did not object to these Requests for Production in the response to these requests. However, a May 10, 2012 letter, which accompanied Buncich's responses, contains a privilege log identifying as privileged three letters (although Plaintiffs suggest that the first and third appear to be the same) from attorney George Patrick in Plaintiff Espinoza's personnel file and six letters from attorney George Patrick in Plaintiffs Zenone's personnel file. The letters were not produced because either they are subject to the attorney-client privilege or they constitute "attorney work product."

In the opening motion, Plaintiffs note that the privilege log identified three letters from attorney George Patrick in Plaintiff Espinoza's personnel file and six letters from attorney George Patrick in Plaintiff Zenone's personnel file. Plaintiffs represent that the privilege log lists these letters as either subject to the attorney-client privilege or because they constitute attorney work product. Plaintiffs argue that these objections are without merit and raise several arguments in support. First, Plaintiffs argue that it is not clear who George Patrick represented, surmising that he represented the defendant County and neither the attorney nor his client has asserted a privilege. Plaintiffs cite Federal Rule of Civil Procedure 26(b)(5) which requires the party claiming a privilege to "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the claim." Second, Plaintiffs argued that it is not apparent how a letter from Attorney Patrick to the "Claims Deputy, Indiana Dept. of Workforce Development" or "Diane Vie, Prudential Insurance," neither of which is a party and neither of which is represented by Attorney Patrick, qualifies as "trial preparation: materials" as described in Federal Rule of Civil Procedure 26(b)(3); Plaintiffs argued that the rule is not designed to protect material already provided to someone else. Third, Plaintiffs argued that there is not sufficient information to establish that Commander Patterson, Chris McQuillin, Dennis Heaps, and "Sheriff's Payroll Dept." are covered by the attorney-client privilege between Attorney Patrick and his client (County and/or Sheriff Buncich). Fourth, Plaintiffs argued that there is no showing that the "attachments, related to Zenone's unemployment benefits claim and termination pay" fit within the attorney-client privilege since they appear to be pre-existing documents that were simply provided to Attorney Patrick.

Buncich originally explained in his response brief that Attorney Patrick represented Lake County and the Lake County Sheriff's Department in matters of unemployment benefits and that the privileged letters were written by Attorney Patrick in the course of pending unemployment litigation against the Lake County Sheriff's Department. Buncich argued that the documents over which

privilege was asserted were described with sufficient detail in the privilege log and that compelling Buncich to disclose the privileged documents would be a serious sanction and one that may be imposed only if the Court finds bad faith, willfulness, or fault.  Plaintiffs asserted in reply that Buncich's response does not address Plaintiffs' specific arguments.  *See* Pl. Reply, p. 3.

In the sur-reply, Buncich explains that Attorney Patrick represented the Lake County Sheriff and Lake County in matters concerning unemployment benefits.  The Lake County Sheriff's Department, through Buncich, is asserting the attorney client privilege.  Buncich responds to Plaintiffs' argument that it is unclear how the letters to the Indiana Department of Workforce Development and Prudential Insurance qualify as work product by noting that the first word in each of the entries on the privilege log for the letters is "draft."  Buncich explains that these letters were not actually sent but rather were letters created in anticipation of litigation concerning unemployment benefits.  Buncich recognizes that, had the letters been sent, they would not be protected.  Having reviewed the documents, the Courts finds that Exhibits 2 and 5 are themselves labeled as "DRAFT" and that the blanks and lack of signature on Exhibit 9 indicate that it, too, is a draft.  Thus, the documents are protected by the work product privilege, and are not discoverable.

Buncich next argues that the letters from Attorney Patrick to Commander Patterson (Exhs. 1 & 3), Chris McQuillin (Exhs. 4 & 6), and Dennis Heaps (Exh. 8) and the fax to Attorney Patrick from the Sheriff's Payroll Department (Exh. 7) are covered by the attorney-client privilege because those individuals were agents of the Lake County Sheriff's Department.  *See Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981); *Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007); *United States v. Evans*, 113 F.3d 1457, 1462 (7th Cir. 1997); *Ormond v. Anthem, Inc.*, Nos. 1:05-CV-1908, 1:09-cv-798, 2011 WL 2020661, at *2 (S.D. Ind. May 24, 2011).  The letters to Commander Patterson and to Chris McQuillin expressly state at the top that the letters are intended to be privileged, containing attorney work product and prepared as part of a defense in anticipation of

litigation.  Buncich also argues that these documents contain confidential information regarding legal advice concerning the termination or employment of Plaintiffs, which were essential to the preparation for anticipated litigation and contain "mental impressions, conclusions, opinions or legal theories" of Attorney Patrick and "other representatives of a party concerning litigation."  Def. Surreply, p. 3 (citing *Upjohn*, 449 U.S. at 401).  Having reviewed these documents, the Court agrees with Buncich's characterization of the documents as seeking or providing information necessary to Attorney Patrick's provision of legal advice, and finds that they are protected by the attorney-client privilege and, thus, are not discoverable.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the remaining portion of Plaintiffs' Motion to Compel [DE 17].

SO ORDERED this 5th day of October, 2012.

 s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES MAGISTRATE JUDGE

cc:      All counsel of record